IN RICHMOND SUPERIOR COURT, JUNE TERM, 1831.

## STATE *v.* ALTON H. PEMBERTON and JACOB C. BUGG.

*Tax fi. fas. and rule against the Sheriff to pay over money.*

RICHMOND.
June, 1831.

STATE
*v.*
PEMBERTON
and BUGG.

THE sheriff in answer to this rule returns that he has no money in his hands raised from the property of Jacob C. Bugg the defendant in one of the executions; but that he has money raised from the property of Alton H. Pemberton, which is claimed by older executions at the suit of individuals, and he prays for the order and direction of the court in paying it out. In the opinion of the court the dates of the contending claims, are not material in determining them. If the collectors' executions be considered liens in the hands of the sheriff, upon money raised from the sale of the defendant's property, then the 14th section of the tax act of 1804, must control the question; for it is there declared that "The taxes imposed by this act shall be preferred to all securities and incumbrances whatever." The tax due is here considered a lien, and the 11th sec. of the same act shows it to be not upon the specific thing taxed, but upon the property generally of the taxable. "All persons whatever who are possessed of any land or slaves within this State, in their own right, or in the right of any other person, or in any way liable to pay tax by virtue of this act, shall pay, &c." "And if on the said first day of February, any person or persons shall be in default, the collector of the county where such default shall happen, shall immediately proceed against such defaulter by distress and sale of goods and chattels, if any to be found, otherwise of the lands of such defaulter, or so much thereof as will pay the taxes due with costs." Here is then manifestly a general lien upon all the property real and personal of the taxable, and the manner clearly pointed out, by which satisfaction may be had, *namely,* by distress and sale. And by the 30th section it is made "the duty of the sheriff in each county to receive from the tax collector therein all executions that may be tendered him for taxes, and to levy and collect the same, and to make due returns to the collectors, &c." It then appears, that a debt due the State for taxes forms a general lien, equivalent to a judgment, upon all the property of the taxable, superior to every other incumbrance; that it may be satisfied by distress and sale, under execution to be issued by the collector; and that the sheriff is bound to levy and collect all executions placed in his hands by the collector by distress and sale of the defaulter's property. As between the State and individual judgment creditors, the liens being equally general, their rights to the money must be considered

In a contest for money in the hands of the sheriff, between an execution for taxes, and fi. fas. in favor of individuals of older date, the court decided, that the former should be first satisfied: And the same decision would have been made, if the money had been raised by the individual execution.

Prin. Dig. 496. et seq.

RICHMOND,
June, 1831.

STATE
v.
PEMBERTON
and BUGG.

as if both were judgment creditors, and the State becomes entitled to priority of payment under the 14th section of the tax act, even if the contest were with the individual creditor whose execution had raised the money; which however does not appear to be the case here. This appears to be a sum of money raised by the sheriff from the sale of defendant's property, which he is notified to retain for the satisfaction of two executions against the defendant, one at the suit of the State, the other of an individual, and both of which he is bound to execute by levy and sale. But why sell with the money of defendant already in hand applicable to the satisfaction of the executions, which immediately attach to the money and become executed *pro tanto,* or fully, according to the amount of money.

Let the tax executions be first satisfied, and any money which may remain be then paid to individual judgment creditors, according to priority.